THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| REYES DE LA CRUZ GONZALEZ,<br><br>    Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Acting Field Office Director, Salt Lake City Enforcement and Removal Operations, United States Immigration and Customs Enforcement (ICE/ERO); BRIAN HENKE, Field Office Director for Las Vegas/Salt Lake City; KRISTI NOEM, United States Department of Homeland Security Secretary; PAMELA BONDI, United States Attorney General,<br><br>    Respondents. | **ORDER DENYING MOTION TO STAY TRANSFER DURING PENDENCY OF PETITION**<br><br>Case No. 2:26-cv-00240<br><br>District Judge Robert J. Shelby |

On March 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus challenging his detention by United States Immigration and Customs Enforcement (ICE).[1]  Petitioner is currently being held at ICE's Enforcement and Removal Operations facility in West Valley City, Utah.[2]

On March 24, 2026, Petitioner filed an emergency motion requesting that the court "order Respondents not to transfer him out of this jurisdiction while the petition is pending" "to preserve this court's jurisdiction . . . and ensure [Petitioner] has adequate access to counsel."[3]

Local Rule 7-1 requires a motion to contain: "(A) an initial separate section stating

---

[1] Dkt. 1, *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.§ 2241* (*Petition*).

[2] *Id.* ¶ 12.

[3] Dkt. 3, *Emergency Motion to Stay Transfer During Pendency of Petition* (*Motion*) at 1–2.

1

succinctly the specific relief sought and the grounds for the relief; and (B) a recitation of the relevant facts, supporting authority, and argument."[4]  Here, most critically, Petitioner provides no legal authority for the relief sought.  It appears Petitioner is asking the court to invoke some unspecified inherent authority to direct/impede the operations of an Executive Agency without establishing the legal basis for providing that relief.  This alone is fatal to Petitioner's request.  That other federal judges have issued orders in other cases granting similar relief is not evidence of a legal basis to do so here.

Beyond the lack of legal authority, the concerns Petitioner raise are purely speculative at this point.  Petitioner has not established he will be moved from this jurisdiction or that, if he is, his access to counsel and ability to proceed will be impaired.  Of course, if and or when that happens, Petitioner may have other recourse.  The Habeas Petition raises almost exclusively legal issues.  If the court orders Defendants to show cause, that response may present factual issues that Petitioner and his counsel need to address.  But all of this is remote, speculative, and premature.  Accordingly, the Motion to Stay Transfer is DENIED[5] without prejudice.

DATED this 25th day of March 2026.

BY THE COURT

_____
JUDGE ROBERT J. SHELBY
United States District Court

---

[4] DUCiv 7-1(a)(1).  Some motions are exempt from the requirement to include facts and supporting authority, but those exceptions do not apply here.  *See id.* 7-1(a)(2).

[5] Dkt. 3.

2