THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| REYES DE LA CRUZ GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>RUBEN LEYVA, Acting Field Office Director, Salt Lake City Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (ICE/ERO); BRIAN HENKE, Field Office Director for Las Vegas/Salt Lake City; KRISTI NOEM, Secretary United States Department of Homeland Security; and PAMELA BONDI, U.S. Attorney General,<br><br>    Respondents. | **MEMORDANDUM DECISION AND ORDER**<br><br><br>Case No. 2:26-cv-00240<br><br>District Judge Robert J. Shelby |

Pending before the court is Petitioner Reyes De La Cruz Gonzalez's Petition for Writ of Habeas Corpus.[1]  For the reasons set forth below, the court GRANTS the Petition in part and orders Respondents to provide a bond hearing for De La Cruz before an immigration judge.

## BACKGROUND

### A.  Petitioner De La Cruz

De La Cruz is a native and citizen of Mexico.[2]  He entered the United States in December 1997 without admission or inspection and has remained in the United States ever since, where he

---

[1] Dkt. 1, *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[2] *Petition* ¶ 3.

1

has been continuously employed and integrated into his community.[3]  De La Cruz has no criminal history.[4]

On March 22, 2026, De La Cruz was arrested in West Valley City, Utah for allegedly driving with an expired vehicle registration.[5]  No criminal charges have been filed in connection with the traffic stop.[6]  After his arrest, De La Cruz was released to the custody of U.S. Immigration & Customs Enforcement (ICE) and is currently detained at the local ICE Enforcement and Removal Operations office in West Valley City, Utah.[7]  ICE did not set bond and De La Cruz has been unable to request a bond hearing before an immigration judge.[8]

De La Cruz is unable to obtain a bond hearing because the Department of Homeland Security (DHS) changed its policy which revised the provision of the Immigration and Nationality Act (INA) under which ICE detains noncitizens like De La Cruz.  Detainees across the country have challenged the DHS Policy as unlawful.[9]  De La Cruz also challenges the legality of his detention and asserts two claims: (1) violation of the INA, and (2) violation of the Due Process Clause of the United States Constitution.[10]

## B.  The INA

The INA was enacted in 1952 and "sets out 'how persons are admitted to, and removed

---

[3] *Id.* ¶¶ 3, 60.

[4] *Id.* ¶ 63.

[5] *Id.* ¶ 5.

[6] *Id.* ¶ 64.

[7] *Id.* ¶¶ 5, 12.

[8] *Id.* ¶¶ 19, 36; *see also Matter of Yajure Hurtado*, 29 I & N. Dec. 216, 229 (BIA 2025).

[9] *See* Kyle Cheney, *Our Running List of Judges Who Have Ruled on ICE's Mass Detention Policy*, POLITICO (Feb. 18, 2026, at 5:00 AM EST) (last updated Apr. 3, 2026, at 09:56 AM EDT), https://www.politico.com/news/2026/02/18/trump-judges-immigration-detention-00784614?_sp_pass_consent=true (last visited April 9, 2026) (collecting rulings from over 400 federal district judges nationwide).

[10] *Id.* ¶¶ 70–78.

from, the United States.'"[11]  Under the INA, "several classes of aliens are 'inadmissible' and therefore 'removable.'"[12]  In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), which substantially amended the INA.[13]  Relevant here, the IIRIRA added a provision that "provid[ed] more expedited procedures" for determining admissibility and removal.[14]  Section 1225 distinguishes between two classes of noncitizens and provides expedited removal for one of those classes.[15]  Section 1225(b)(1) provides that an immigration officer must remove a noncitizen from the United States "without further hearing or review" if the noncitizen is inadmissible and is either (1) arriving or (2) has not been admitted or paroled and has not affirmatively shown he or she "has been physically present in the United States continuously for the 2-year period immediately prior to the date of the" inadmissibility determination.[16]

Section 1225(b)(2) mandates detention pending removal proceedings "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted . . . ."[17]

---

[11] *Campos-Chaves v. Garland*, 602 U.S. 447, 451 (2024) (quoting *Pereida v. Wilkinson*, 592 U.S. 224, 227 (2021)).

[12] *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107–08 (2020) (citing 8 U.S.C. §§ 1182, 1229a(e)(2)(A)).  The INA refers to noncitizens as "aliens."  *See, e.g.*, 8 U.S.C. § 1101(a).  The term "alien" and "noncitizen" may be used interchangeably.  *Compare Thuraissigiam*, 591 U.S. at 106 (using "aliens"), *with id.* at 158 (Sotomayor, J., dissenting) (using "noncitizens").  Accordingly, the court uses both terms throughout this Order.

[13] *Nken v. Holder*, 556 U.S. 418, 423 (2009).

[14] *Thuraissigiam*, 591 U.S. at 108–09; *see also Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *8 (C.D. Cal. Dec. 18, 2025).

[15] *Bautista*, 2025 WL 3713987, at *8–9; *Thuraissigiam*, 591 U.S. at 109; 8 U.S.C. § 1225(a)(1), (b)(1)(A)(i), (b)(a)(A)(iii)(I)–(II).

[16] 8 U.S.C. § 1225(b)(1)(A).  The INA provides two exceptions to this rule.  An immigration officer must refer a noncitizen seeking asylum to an asylum officer for an interview.  *Id.* §§ 1225(b)(1)(A)(ii).  And removal without further hearing or review does not apply to noncitizens who are citizens "of a country in the Western Hemisphere with whose government the United States does not have full diplomatic relations and who arrives by aircraft at a port of entry."  *Id.* § 1225(b)(1)(A)(iii)(II), (b)(1)(F).  These exceptions are not relevant to the Petition before the court.

[17] *Id.* § 1225(b)(2)(A).

Both noncitizens who arrive in the United States and those present in the United States who have "not been admitted" are deemed "applicant[s] for admission."[18]  The INA defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."[19]  Under § 1225(b)(1), a noncitizen is "inadmissible" if he or she either (1) seeks admission by fraud or misrepresentation, or (2) does not possess valid entry documentation.[20]

Section 1226 predates the IIRIRA and governs detention pending the outcome of a noncitizen's removal proceedings.[21]  Removal proceedings provide a legal mechanism for an immigration judge to determine the "inadmissibility or deportability of an alien" and require notice, the opportunity to secure counsel, and a hearing before an immigration judge.[22]  Significantly, in contrast to § 1225, noncriminal aliens who are detained under § 1226 are entitled to a bond hearing and may be released on bond or conditional parole.[23]

On July 8, 2025, DHS issued its new Policy titled "Interim Guidance Regarding Detention Authority for Applicants for Admission."[24]  The DHS Policy "requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an 'applicant for admission'" under § 1225, and thus subject to mandatory detention and "not

---

[18] *Id.* § 1225(a)(1).

[19] *Id.* § 1101(13)(A).

[20] *Id.* §§ 1225(b)(1)(A)(i), 1182(a)(6)(C), 1182(a)(7).

[21] *Id.* § 1226(a).

[22] *Id.* § 1229a.

[23] *Id.* § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

[24] *Petition* ¶¶ 32–33; *see also ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission [https://perma.cc/5GKM-JYGX]; *Bautista*, 2025 WL 3173987, at *1 (summarizing DHS's policy change).

entitled to the due process protections found within § 1226(a)."[25]  In other words, ICE employees should categorize all noncitizens, regardless of where they are located or how they are encountered, as applicants for admission not entitled to a bond hearing or conditional parole. In September 2025, the Board of Immigration Appeals (BIA) upheld the DHS Policy concluding immigration judges lack jurisdiction to hold bond hearings for noncitizens subject to mandatory detention under the DHS Policy's interpretation of §§ 1225 and 1226.[26]

Currently, ICE is detaining De La Cruz pursuant to the DHS Policy and deems him ineligible for a bond hearing.[27]  De La Cruz challenges the legality of his detention under § 1225.[28]

## LEGAL STANDARD

Habeas corpus "test[s] proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void."[29]  The court may issue a writ of habeas corpus if a petitioner "is in custody in violation of the Constitution or laws . . . of the United States."[30]  De La Cruz bears the burden of establishing his detention is unlawful.[31]

## ANALYSIS

De La Cruz alleges his detention violates the INA and the Due Process Clause of the United States Constitution.[32]  Whether De La Cruz's detention violates the INA depends on how the court interprets the Act.  The dispute centers on the language of Section 1225(b)(2)(A): "In

---

[25] *Bautista*, 2025 WL 3173987, at *1; *see also Petition* ¶ 33.

[26] *Matter of Yajure Hurtado*, 29 I & N. Dec. at 229.

[27] *See Petition* ¶ 65.

[28] *Id.* ¶¶ 70–78.

[29] *Fay v. Noia*, 372 U.S. 391, 423 (1963).

[30] 28 U.S.C. § 2241(c)(3).

[31] *See Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[32] *Petition* ¶¶ 70–78.

the case of an alien who is an applicant for admission, if the examining immigration officer

determines that an alien seeking admission is not clearly and beyond a doubt entitled to be

admitted, the alien shall be detained for a [removal] proceeding."  De La Cruz argues § 1225

does not apply to noncitizens like him "who do not have lawful status, entered the United States

without inspection, and were not apprehended upon arrival."[33]  He argues § 1226 applies.[34]  In

contrast, Respondents argue § 1225 applies to aliens like De La Cruz who were never admitted

to the United States.[35]  The parties address three arguments: (1) the statutory language and

framework of the INA; (2) prior immigration practice; and (3) the goals of the IIRIRA.

Courts across the country, including some in this district, have addressed these same

arguments and the decisions primarily fall into two camps.  Many district courts that have

considered the issue adopt De La Cruz's statutory interpretation,[36] including multiple courts

within this district.[37]  But two circuits, and one court within this district, agree with Respondents'

interpretation.[38]  The court first summarizes the two lines of interpretation and ultimately agrees

---

[33] *Id.* ¶ 71.

[34] *Id.*

[35] Dkt. 9, *Federal Respondents' Response to Order to Show Cause Why Petition for Habeas Corpus Should Not be Granted* (*Response*) at 5–6.

[36] *See, e.g.*, *Rodrigo Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Gomes v. Hyde*, No. 1:25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *Diaz Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025); *Bautista*, 2025 WL 3713987; *Francisco T. v. Bondi*, No. 2:25-cv-3219, 2025 WL 3490809 (D. Minn. Sept. 5, 2025); *Lopez Benitz v. Francis*, No. 25 CIV 5937 (DEH), 2025 WL 2267803 (S.D.N.Y. Aug. 8, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264, 2025 WL 3281787 (D. Minn. Nov. 25, 2025); *see also Make the Road N.Y. v. Noem*, No. 25-5320, 2025 WL 3563313 (D.C. Cir. Nov. 22, 2025) (adopting De La Cruz's interpretation when denying stay pending appeal); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (finding the government's new interpretation is likely unlawful).

[37] *See Torres Medina v. Tjaden*, No. 2:26-cv-00195-JNP, 2026 WL 800677 (D. Utah Mar. 23, 2026); *Lemus Cristales v. Arbon*, No. 2:26-cv-00217-JNP, 2026 WL 892874 (D. Utah Mar. 31, 2026); *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Carbajal v. Wimmer*, No. 2:26-cv-00093, 2026 WL 353510 (D. Utah Feb. 9, 2026); *Chavez Rascon v. Noem*, No. 2:26-cv-00161-RJS, 2026 WL 800684 (D. Utah Mar. 23, 2026); *Velasquez Montillo v. Brooksby*, No. 4:26-cv-00018-DN-PK, 2026 WL 592355 (D. Utah Mar. 3, 2025); *Uzcategui v. Brooksby*, No. 4:26-cv-00020-DN-PK, 2026 WL 622751 (D. Utah Mar. 5, 2026).

[38] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026); *Cisneros v. Noem*, No. 2:25-cv-1170-HCN, 2026 WL 396300 (D. Utah Feb. 12, 2026).

with De La Cruz.  Under that interpretation, De La Cruz's detention violates the INA, and he is entitled to habeas relief.[39]

### I. De La Cruz's Interpretation of § 1225

De La Cruz argues § 1225(b)(2)(A) is properly understood to apply only to noncitizens at the border or who recently entered the United States.[40]  He urges this court to follow the statutory interpretation of the INA articulated in *Torres Medina v. Tjaden*,[41] *Lemus Cristales v. Arbon*,[42] *Tanchez v. Noem*,[43] and *Maldonado Bautista v. Santacruz*.[44]

These cases interpret the plain language of § 1225(b)(2)(A) to require three separate conditions be met in order to subject an alien to mandatory detention.  The noncitizen "(1) is an 'applicant for admission,' (2) is 'seeking admission,' and (3) is 'not clearly and beyond a doubt entitled to be admitted.'"[45]  De La Cruz contends the statute does not apply to him because he is not an "applicant for admission" or "seeking admission."

De La Cruz maintains he is not an "applicant for admission" because this is a term of art that cannot be read in isolation.[46]  The term references "admission," which the INA specifically defines as "the lawful entry of [an] alien into the United States after inspection and authorization by an immigration officer."[47]  In other words, the INA ties admission to a formal entry-

---

[39] Because the court concludes De La Cruz's detention is contrary to the INA, the court does not reach the remaining arguments or the Due Process claim.

[40] *See Petition* ¶ 40.

[41] 2026 WL 800677.

[42] 2026 WL 892874.

[43] 2026 WL 125184.

[44] 2025 WL 3713987.

[45] Dkt. 11, *Petitioner's Reply in Suppose of Writ for Habeas Corpus* (*Reply*) at 4 (quoting 8 U.S.C. § 1225(b)(2)(A)); *see also Torres Medina*, 2026 WL 800677, at *5–8; *Lemus Cristales*, 2026 WL 892874, at *2; *Tanchez*, 2026 WL 125184, at *7–8.

[46] *Reply* at 4–6.

[47] 8 U.S.C. § 1101(13)(A).

inspection process that De La Cruz did not undergo.[48]  Indeed, § 1225(b)(2)(A) presupposes an inspection encounter because the determination that an alien "is not clearly and beyond a doubt entitled to be admitted" must be made by an examining immigration officer, which necessarily does not occur if the noncitizen enters the country without inspection.[49]

De La Cruz further argues § 1225(b)(2)(A) cannot apply to him because he is not "seeking admission."[50]  He contends the "present participle—'seeking'–denotes ongoing, contemporaneous action," and De La Cruz was not actively seeking to be lawfully admitted to the United States at the time he was detained.[51]  As another judge within this district aptly explained, "These active verbs suggest a moment in time when a noncitizen is crossing or has recently crossed a border, not an indefinite status that applies whenever a noncitizen charged with inadmissibility encounters an immigration official."[52]  De La Cruz also argues "seeking admission" only makes sense in the border context because admission is defined as "lawful entry."[53]  Individuals like De La Cruz cannot properly be described as seeking to enter the country when they have been present in this country for over two years.[54]

De La Cruz further contends the structure of the INA supports interpreting § 1225(b)(2)(A) to apply only in the border context.  Specifically, § 1226 sets out a separate

---

[48] *Reply* at 5–6; *see also Bautista*, 2025 WL 3713987, at *10.

[49] 8 U.S.C. § 1225(b)(2)(A); *see also Bautista*, 2025 WL 3713987, at *10.

[50] *See Petition* ¶¶ 40–41; *see also Reply* at 7–8.

[51] Reply at 7–8; *see also Torres Medina*, 2026 WL 800677, at *5–8; *Lemus Cristales*, 2026 WL 892874, at *2–3; *Tanchez*, 2026 WL 125184, at *7–8.

[52] *Tanchez*, 2026 WL 125184, at *8.

[53] *Reply* at 10; *see also Bautista*, 2025 WL 3713987, at *10; *Torres Medina*, 2026 WL 800677, at *7–8.

[54] *Reply* at 10; *see also* 8 U.S.C. § 1225(b)(1)(A) (providing that an immigration officer "shall order . . . removed from the United States without further hearing or review" a noncitizen "who has not been admitted or paroled in the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior" to his or her inadmissibility determination ).

discretionary detention scheme and it includes a carve-out for mandatory detention for a certain class of noncitizens.[55]  Section 1226 was amended in 2025[56] to include subsection (c) which provides that aliens who are inadmissible under § 1182(a)(6) or (a)(7) *and* charged, arrested, or convicted of certain crimes must be detained.[57]  Section 1182(a)(6) governs aliens present without admission or parole.  Respondents' interpretation of § 1225 would subject all noncitizens present in the United States to mandatory detention.  As De La Crus argues, this would render the 2025 Amendment superfluous since there would have been no need to designate an exception to discretionary detention for criminal aliens.[58]

## II.     Respondents' Interpretation of § 1225

Respondents counter that the plain language of § 1225 mandates detention and urges this court to follow the analysis articulated by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*,[59] the Eighth Circuit in *Avila v. Bondi*,[60] and this district in *Cisneros v. Noem*.[61]

Respondents argue De La Cruz is properly detained pursuant to § 1225 because (1) De La Cruz is an "applicant for admission" under the INA because he is present in the United States without being admitted by lawful means; (2) De La Cruz has not shown he is "clearly and beyond a doubt entitled to be admitted to the United States;" and (3) § 1225(b)(2)(A) mandates

---

[55] *Reply* at 12–13; *see also Torres Medina*, 2026 WL 800677, at *8–9; *Tanchez*, 2026 WL 125184, at *9; *Santos M.C.*, 2025 WL 3281787, at *3.

[56] *Torres Medina*, 2026 WL 800677, at *8; *see also* Pub. L. No. 119-1, 139 Stat. 3 (2025) (Laken Riley Act).

[57] 8 U.S.C. § 1226(c)(1)(E).  Notably, DHS designated De La Cruz inadmissible under both §§ 1182(a)(6) and 1182(a)(7).  Dkt. 9-1, *U.S. Department of Homeland Security Record of Deportable/Inadmissible Alien* at 2 (listing the administrative charges against De La Cruz as "212a6Ai — alien present without admission or parole —" and "212a7AiI — immigrant without an immigrant visa").

[58] *Reply* at 12–13; *Torres Medina*, 2026 WL 800677, at *8–9; *Tanchez*, 2026 WL 125184, at *9; *Santos M.C.*, 2025 WL 3281787, at *3.

[59] 166 F.4th 494 (2026).

[60] 2026 WL 819258.

[61] 2026 WL 396300.

detention for "applicants for admission" "not clearly and beyond a doubt entitled to be admitted."[62]

As is evident from the structure of this argument, Respondents do not interpret § 1225(b)(2)(A) to include the third requirement—that the alien be seeking admission. Instead, Respondents argue "applicant for admission" is synonymous with "seeking admission."[63] In other words, all aliens present in the United States who have not lawfully been admitted are necessarily seeking admission regardless of when or how they entered the country.[64] In support of this proposition, Respondents rely on *Avila*.[65] There, the Eighth Circuit reached its conclusion based on the meanings of the statute's terms, the grammatical structure, and purpose of § 1225(b)(2)(A).[66]

First, *Avila* states, "the ordinary meanings of the phrases 'applicant for admission' and 'seeking admission' are the same" because both "apply" and "seek" mean to request.[67] *Avila* also rejects the argument that the inclusion of "if" prior to "seeking admission" creates a separate condition for mandatory detention, reasoning that such a reading would be "highly unnatural because there is no word like 'and' to signify that there are multiple conditions in the clause."[68]

---

[62] *Response* at 2, 7–77; *see also Buenrostro-Mendez*, 166 F.4th at 502–06; *Avila*, 2026 WL 819258, at *2–4; *Cisneros*, 2026 WL 396300, at *2.

[63] *Response* at 9–10 (quoting *Avila*, 2026 WL 819258, at *4); *see also Buenrostro-Mendez*, 166 F.4th at 501–06; *Cisneros*, 2026 WL 396300, at *2.

[64] *Response* at 9–10; *Buenrostro-Mendez*, 166 F.4th at 503–04.

[65] *Response* at 9–11. Respondents also rely on the Fifth Circuit's decision in *Buenrostro-Mendez*. *Id.* at 6–9. Because *Avila* incorporates much of the Fifth Circuit's decision, the court here focuses on the *Avila* decision. *See Avila*, 2026 WL 819258 (citing *Buenrostro-Mendez* throughout its analysis).

[66] *Avila*, 2026 WL 819258, at *2–4.

[67] *Avila*, 2026 WL 819258, at *3; *see also id.*, at *4 ("Because the text does not indicate that 'seeking admission' and 'applicant for admission' are different, they still mean the same thing even if 'applicant for admission' is a term of art. In other words, just as an alien is an 'applicant for admission' even though no literal 'application' is filed, so too is an alien 'seeking admission' even when the alien does not literally 'request' or 'ask for' admission into the country."); *see also Response* at 9.

[68] *Response* at 10 (quoting *Avila*, 2026 WL 819258, at *3).

10

"[T]he only relevant inquiry is whether an alien 'is [or is] not clearly . . . entitled to be admitted."[69]

Respondents also argue their interpretation of § 1225(b)(2)(A) comports with the INA's statutory purpose.[70]  "Congress enacted § 1225(a)(1) to ensure that all immigrants who have not been lawfully admitted, regardless of their physical presence in the country, are placed on equal footing in removal proceedings."[71]  To interpret §§ 1225 and 1226 to require a bond hearing for noncitizens who have lived in the country illegally for years while denying the same to those who engage in the legal process "is incongruous and contradicts the statute's goal of placing all aliens 'on equal footing.'"[72]  De La Cruz's interpretation of § 1225 "would undo this legislative fix and reintroduce the anomaly Congress sought to eliminate."[73]

### III.    The Court's Interpretation of § 1225

As Respondents acknowledge, "[t]he Tenth Circuit has yet to rule on the core issue of this case:" whether § 1225(b)(2)(A) mandates detention for all aliens present in the United States without admission no matter how or when they entered the country.[74]  This court is not bound by the BIA's decision upholding the new DHS policy.[75]

After careful review of the parties' arguments and the relevant case law, the court

---

[69] *Response* at 10 (quoting *Avila*, 2026 WL 819258, at *3).

[70] *Response* at 10–11.

[71] *Avila*, 2026 WL 819258, at *4 (citation modified) (quoting *Torres v. Barr*, 976 F.3d 918, 928 (9th Cir. 2020)).

[72] *Id.*

[73] *Cisneros*, 2026 WL 369300, at *4.

[74] *Response* at 5–6.

[75] *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority . . . ."); *Tanchez*, 2026 WL 125184, at *12 ("As the Supreme Court has recently clarified, the court need not defer to either the DHS's most recent interpretation or its longstanding practice.").

11

concludes that De La Cruz falls within the definition of "applicant for admission,"[76] but he is not subject to mandatory detention under § 1225(b)(2)(A). The court agrees with the analyses of §§ 1225 and 1226 articulated in *Torres Medina*,[77] *Lemus Cristales*,[78] and *Tanchez*.[79] Additionally, the court finds the thorough analysis set forth in *Ramirez v. Mullin* persuasive.[80] The court concludes it is unnecessary and unhelpful to merely repeat the complete and persuasive analyses provided by these courts and instead adopts the reasoning therein.

Additionally, the court disagrees that De La Cruz's interpretation is contrary to the purpose of § 1225. The *Avila* court found De La Cruz's interpretation to contravene the IIRIRA's statutory purpose to "ensure[] that all immigrants who have not been lawfully admitted, regardless of their physical presence in the country, are placed on equal footing in removal proceedings under the INA."[81] The Eighth Circuit suggested De La Cruz's interpretation would incentivize unlawful entry because noncitizens who enter the country unlawfully would be entitled to a bond hearing under § 1226 which is a better footing than those attempting to enter legally who are subject to mandatory detention under § 1225.[82] But this is not necessarily the case. Aliens who enter unlawfully are subject to other provisions of the INA that strongly disincentivize unlawful entry.[83] For example, § 1325 criminalizes avoiding or

---

[76] *Petition* ¶ 3 (stating De La Cruz "last entered the United States without admission or inspection"); 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission."); *id.* § 1101(a) (13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after section and authorization by an immigration officer.").

[77] 2026 WL 800677.

[78] 2026 WL 892874.

[79] 2026 WL 125184.

[80] No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

[81] *Avila*, 2026 WL 819258 (quoting *Torres v. Barr*, 976 F.3d 918, 928 (9th Cir. 2020)).

[82] *Id.* at *4.

[83] *See Richards v. United States*, 369 U.S. 1, 11 (1962) (explaining "a section of a statute should not be read in isolation from the context of the whole Act, and that in fulfilling our responsibility in interpretating legislation, we

eluding inspection when entering the country.[84]  And the penalties increase for repeat offenders.[85]  Those who enter the United States lawfully are not susceptible to these criminal charges and are, at least in some respects, on better footing than individuals who enter unlawfully.

Under the interpretation of § 1225(b)(2)(A) the court adopts today, De La Cruz is properly detained pursuant to § 1226, and his continued detention without a bond hearing violates the INA, a law of the United States.  Accordingly, the court concludes habeas relief is appropriate.

## CONCLUSION AND ORDER

For the reasons stated above, the court GRANTS in PART the Petition.[86]  The court further ORDERS as follows:

1. Respondents must provide De La Cruz Gonzalez a bond hearing under 8 U.S.C. § 1226(a) no later than April 16, 2026.

2. ENJOINS Respondents from denying bond to De La Cruz on the ground that he is detained under 8 U.S.C. § 1225(b)(2).

3. ORDERS the parties to file a joint status report by April 30, 2026, confirming the hearing took place.

---

. . . (should) look to the provisions of the whole law”).

[84] *See* 8 U.S.C. §§ 1325, 1326.

[85] *Id.* §§ 1325, 1326.

[86] Dkt. 1.  The court denies without prejudice De La Cruz’s request for attorney’s fees and costs.

SO ORDERED this 10th day of April 2026.

BY THE COURT

JUDGE ROBERT J. SHELBY
United States District Court

14